PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their *17 1999 Oldsmobile Alero struck a rock while claimant Christopher A. Thaxton was traveling southbound on 1-77 near the 1-79 interchange in Charleston, Kanawha County. 1-77 is a road maintained by respondent in Kanawha County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 4:20 p.m. on April 21, 2006. 1-77 is a four-lane road at the location of claimant’s accident. Mr. Thaxton testified that he was traveling in his right hand lane with a vehicle in front of him and some other vehicles in the left lane. He stated that the vehicle in front of him swerved around something and that he then noticed a rock in the road. Mr. Thaxton testified that he attempted to avoid the rock, but that his vehicle’s rear tire struck the rock. Mr. Thaxton stated that the rock was approximately eight inches wide. Claimants’ vehicle struck the rock and sustained damage to a rim and a tire totaling $259.70.
The position of the respondent was that it did not have notice of the rocks on I-77. Steve Knight, Transportation Crew Supervisor for respondent in Kanawha County, testified that this is not an area where he could ever recall having rock falls. He further stated that there were no records of any complaints or rock falls from the date of claimants’ incident. Respondent maintains that there was no prior notice of any rocks on 1-77 immediately prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimants have not established that respondent failed to take adequate measures to protect the safety of the traveling public on 1-77 in Kanawha County. While the Court is sympathetic to claimants’ plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.